CIRCUIT COURT OF THE CITY OF ROANOKE

Roanoke Iron & Bridge Works, Inc.

v.

Gilbane Building Co.

June 10, 1983

Case No. L83-0149

By JUDGE JACK B. COULTER

Because the plaintiff had not first sought arbitration prior to bringing this law suit claiming damages for breach of a construction contract, the defendant has moved to dismiss or stay these proceedings pending arbitration. Arbitration, the defendant urges, is required by Section 8.9.1 of the contract. The plaintiff contends, on the other hand, that Section 8.6.1 of the same contract permits the traditional recourse to the courts for the resolution of disputes.

The issue raised by the defendant's motion, therefore, does <u>not</u> involve a contest between the contract provision ostensibly requiring arbitration and the common law's concern about courts being ousted of jurisdiction. If the applicability or enforceability of Section 8.9.1 was the only question, then the subject would not be worthy of debate. That provision, taken alone, clearly mandates that:

<u>All</u> <u>claims</u>, <u>disputes</u> <u>and</u> <u>other</u> <u>matters</u> <u>in</u> <u>question</u> <u>arising</u> <u>out</u> <u>of</u>, <u>or</u> <u>relating</u> <u>to</u> <u>this</u> <u>contract</u> <u>or</u> <u>the</u> <u>breach</u> <u>thereof</u>, except as set forth in Subparagraph 3.2.4 with respect to the Architect/Engineer's decisions

on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment provided by Sub-paragraphs 10.8.4 and 10.8.5, <u>shall</u> be <u>decided</u> <u>by</u> <u>arbitration</u> in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. . . . (emphasis added)

The plaintiff argues, however, that Section 8.6.1 modifies and limits the apparently mandatory imperative of 8.9.1. Section 8.6.1 provides that:

The duties and obligations imposed by the Contract Documents and <u>the</u> <u>rights</u> <u>and</u> <u>reme-dies</u> <u>available</u> <u>thereunder</u> <u>shall</u> <u>be</u> <u>in</u> <u>addi-tion</u> <u>to</u> <u>and</u> <u>not</u> <u>a</u> <u>limitation</u> <u>of</u> <u>any</u> <u>duties,</u> <u>obligations,</u> <u>rights</u> <u>and</u> <u>remedies</u> <u>otherwise</u> <u>imposed</u> <u>or</u> <u>available</u> <u>by</u> <u>law</u>. (emphasis added)

Attempting to read these two provisions together produces an impossible result. They are simply repugnant to each other. Section 8.9.1 clearly requires that all claims and matters in dispute growing out of the subject contract shall be decided by arbitration. But with equal clarity Section 8.6.1 provides that the duties and obligations imposed by this contract, such as the duty or obligation to arbitrate, as well as the rights and remedies under said contract, again such as the right or remedy of arbitration, "SHALL BE IN ADDITION TO AND NOT A LIMITATION OF any duties, obligations, rights and remedies otherwise imposed or available by law", such as the right and remedy of bringing suit to enforce a contract or assert its breach. What Section 8.9.1 apparently mandates is made optional by Section 8.6.1; for Section 8.6.1 gives the right to go to court, an obvious right or remedy, just as clearly as Section 8.9.1 requires arbitration. Section 8.6.1 which is included under the general heading of RIGHTS AND REMEDIES, provides without ambiguity that in addition to and not in limitation of the requirement

to arbitrate, <u>any</u> right or remedy otherwise available shall not be eliminated, diluted or invalidated.

Analyzing further, Section 8.9.1 makes no reference to Section 8.6.1. Section 8.9.1 does not begin, for instance, "Notwithstanding the provisions of Subparagraph 8.6.1,. . ." Similarly, Section 8.6.1 does not mention Section 8.9.1. Section 8.6.1 does not provide, for instance, "except as provided in Subparagraph 8.9.1,. . ."

Neither the defendant's motion nor the affidavit of its general counsel nor its memorandum in support of its motion makes any reference to Section 8.6.1. The whole argument of the defendant is addressed to the proposition:

> . . . that parties <u>who</u> <u>have</u> <u>agreed</u> to resolve their disputes by arbitration are bound by their word, and that a court is without jurisdiction to resolve a dispute that the parties have committed to arbitration. (emphasis added)

This is clearly an accurate statement of the current law, but the threshold issue which must first be met is a determination of the precise terms of the contract the parties agreed to. The plaintiff is urging with logic as persuasive as that of the defendants that the defendant should be "bound by its word" just as much as the plaintiff, that the defendant should be held to its word that the agreement to arbitrate under Section 8.9.1 was not to be in limitation of the plaintiff's right to sue under Section 8.6.1.

None of the cases cited by the defendant address this precise point. They all assume clarity in the contract at issue. The Virginia statute, § 8.01-577(B), referred to by the defendant, likewise actually begs the question. That statute provides:

> Notwithstanding any other provision of law, the parties may enter into a written agreement to arbitrate which will be as binding

as any other agreement. . .

This only means, as it says, that parties may agree to arbitrate and, if they do, such agreement is binding. But the question in this case is what was the agreement of the parties.

Board of Education v. Miller, 236 S.E.2d 439 (W.Va. 1977), cited by the defendant as "Miller II," seems to anticipate the problem involved in the case at bar. There the court, somewhat concerned about whether the agreement to arbitrate had been fairly negotiated between parties on equal footing, observed at page 447:

> The question of whether an arbitration provision is "bargained for" must, in order to make arbitration workable, always be a matter of law for the court to determine and never a question of fact. Under modern case law in other jurisdictions there is a strong presumption that an arbitration provision is part of the bargain. Therefore in West Virginia only if it appears from the four corners of a written contract or from the obvious nature of the contracting parties, or from the obvious nature of the activity covered by the contract, that the arbitration provision is so inconsistent with the other terms of the contract or so oppressive under the circumstances that it could not have been bargained for, should a court refuse to enforce the arbitration provision. (emphasis added)

In other words, paraphrasing "Miller II," if it appears from the four corners of the written contract that the provision to arbitrate is so inconsistent with other terms of the contract, the Court should refuse to enforce the arbitration provision.

Where, as here, the interpretation of conflicting provisions of a written document is the

question at issue, there are several basic principles to serve as guidelines. (See 17 Am. Jur. 2d, Contracts, §§ 267 et seq.; 4B M.J., Contracts, §§ 40 et seq.) They may be summarized as follows:

1. The intent of the parties, if ascertainable from the agreement itself, should control. But in this case, such intent is not ascertainable; each party claims that the provision favoring his position represents the overall intent.

2. If the provisions in conflict can be reconciled, they should be. The only way that they can be reconciled in the case at bar is by construing Section 8.9.1 as an alternative to Section 8.6.1 and not, as the defendant urges, mandatory and exclusive.

3. If a subsequent clause is irreconcilable with a former clause, the first provision should prevail. Having been given priority in position, Section 8.6.1 should be given preference in application.

4. A specific provision should take precedence over a general. This principle gives support to the defendant's argument, but it is a rule of limitation, not elimination. Here, to give effect to the specific would eliminate the general.

5. Ambiguities or conflicting provisions in a contract should be interpreted most strongly against the party who drew them. Hence, in this case, involving a voluminous contract of over twenty pages, obviously prepared to serve the best interests of general contractors and being in the nature of a contract of adhesion, any doubts or inconsistencies should be resolved against the author of the document.

Summarizing, then, and upon consideration of all the factors and circumstances hereinabove discussed, the Court is of the opinion that Section 8.9.1 of the subject contract is in conflict with, and repugnant to, Section 8.6.1; that such conflict and

repugnancy should be resolved against the party who created it; and that the right or remedy of arbitration given by a later provision should not be construed as limiting the right or remedy of going to court given unconditionally by an earlier section. Accordingly, the defendant's motion to dismiss or stay these provisions pending arbitration is denied. The plaintiff may continue to pursue its rights as reserved under Section 8.6.1 of the contract which the defendant authored.